IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNY HILL,

    Petitioner,

vs.        CIV NO. 04-0035 BB/ACT

PATRICK SNEDEKER, Warden, and
PATRICIA MADRID, Attorney General of
the State of New Mexico,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondents' Motion to Dismiss the Petition for the Writ of Habeas Corpus. (Doc. No. 10). Petitioner responded to the Motion. (Doc. No. 13). The United States Magistrate Judge, having reviewed the Petition and its accompanying exhibits, the Motion to Dismiss and the Memorandum in Support of the Motion, the Answer and the accompanying Exhibits, and the Petitioner's Response, finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. The United States Magistrate Judge further recommends that the Petition for the Writ of Habeas Corpus be DENIED because it is time-barred.

## PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to the First Amended Judgment, Sentence and Commitment of the Sixth Judicial District Court, County of Grant, State of New Mexico in case No. CR 97-156.  (Answer, Exhibit B).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was found guilty after a jury trial of the crimes of First Degree Murder by a Deliberate Killing as charged in Count I, Conspiracy to Commit First Degree Murder as charged in Count II, False Imprisonment as charged in Count III, Conspiracy to Commit False Imprisonment as charged in Count IV and Aggravated Battery as charged in Count V.  (Answer, Exhibit B).

3. Petitioner was sentenced on December 11, 1998 by New Mexico District Court Judge Gary Jeffries.  The First Amended Judgment, Sentence and Commitment was entered of record on December 23, 1998.  (Answer, Exhibit B).

4. Petitioner was sentenced to life in prison with a parole period of five (5) years on Count I, fifteen years (15) with a parole period of two (2) years on Count II, eighteen (18) months with a parole period of one (1) year on Count III, eighteen (18) months with a parole period of one year on Count IV and three (3) years with a parole period of two (2) years on Count V.  The sentences for Counts II through V were ordered to run consecutively to the sentence in Count I.  Presentence credit was granted. (Answer, Exhibit B).

5. Petitioner filed his direct appeal to the Supreme Court of New Mexico.  (Answer, Exhibit C).  The Supreme Court issued its opinion on December 21, 2000 affirming Petitioner's convictions. The Mandate was entered January 8, 2001.  (Answer, Exhibits H & I).

6. Petitioner filed a timely Petition for the Writ of Certiorari in the Supreme Court of the United States.  The Order denying the Petition for the Writ of for Certiorari was filed June 11, 2001. (Answer, Exhibits J & K).

7.  At all times, from his arraignment until his direct appeal was finished with the Order denying the Petition for Writ of Certiorari,  Petitioner was represented by either retained or appointed counsel. (Answer, Exhibits A through K).

8.   On June 3, 2002, Petitioner, again represented by counsel, filed a Petition for a Writ of Habeas Corpus in the Sixth Judicial District Court, County of Grant, State of New Mexico. (Answer, Exhibit l).

8.  New Mexico District Court Judge Gary Jeffries denied the Petition on November 1, 2002 in a written opinion.  Judge Jeffries found that all but one issue had been considered in the appeal to the Supreme Court of New Mexico which had affirmed the convictions.  Judge Jeffries found that Petitioner had raised one new issue in his Petition - that he had been denied effective assistance of counsel.  (Answer, Exhibit M)

9.  After reviewing the supporting facts in the Petition, Judge Jeffries found that Petitioner had failed to overcome the strong presumption of effective assistance of counsel at his jury trial and denied the Petition on the merits on that issue. (Answer, Exhibit M).

10. Petitioner, represented by counsel, petitioned for a Writ of Certiorari in the Supreme Court of New Mexico. (Answer, Exhibit N).  The Writ was denied on December 10, 2002. (Answer, Exhibit O).  Petitioner, again represented by counsel, filed a timely Motion for Reconsideration or Rehearing.   The Motion was denied on January 7, 2003. (Answer, Exhibits P and Q).

11.  Petitioner, *pro se*, filed his first Application for the Writ of Habeas Corpus in federal court on December 30, 2002.  (Answer, Exhibit R).  He filed a motion on March 7, 2003, to hold the Petition in Abeyance or in the Alternative to Dismiss the Petition without Prejudice to allow him full exhaustion of his state court remedies. (Answer, Exhibit S).  The United States District Court granted his Motion dismissing the Petition without prejudice on March 19, 2003. (Answer, Exhibit T).

12.  Petitioner, *pro se*, filed a second Petition for the Writ of Habeas Corpus in the Sixth Judicial District Court, County of Grant, State of New Mexico on August 13, 2003.  The Writ was denied, on the merits, on November 17, 2003. (Answer, Exhibits U & V).

13.   Again, Judge Jeffries addressed the issues and the supporting facts which had not been brought forth in the first Petition for the Writ of Habeas Corpus or in the direct appeal.  Judge Jeffries found all of the issues were without merit. (Answer, Exhibit V).

14.  Petitioner filed a timely Petition for the Writ of Certiorari in the Supreme Court of New Mexico but the Writ was denied on December 22, 2003. (Answer, Exhibits W and X).

15.  Petitioner filed the present Application for a Writ of Habeas Corpus in federal court on January 12, 2004. (Doc. No. 1).

16.  Respondents answered and moved to dismiss on February 18, 2004, asserting that the Petition is barred by the one (1) year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1).  (Docs. No. 10 and 12).

17.   The AEDPA created a one-year statute of limitation for applications for a writ of habeas corpus by persons in custody pursuant to a judgment of a state court. 28 U.S.C. §2244 (d)(1).

> The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

18. The AEDPA contains tolling provisions, 28 U.S.C. §2244 (d)(2), which suspend the time counted toward the one year statute of limitations during which a properly filed application for state post-conviction review is pending.

19. The Petitioner's one year time limitation began to run on June 11, 2001, the day on which the Supreme Court of the United States entered the Order denying the Petition for the Writ of Certiorari. Prior to that date, the one year time limitation was tolled because properly filed applications for state post-conviction review were pending.

20. When Petitioner filed his first state Petition for the Writ of Habeas Corpus on June 3, 2002, the one year time limitation was once again tolled. By the time Petitioner's first state Petition for the Writ of Habeas Corpus was denied on his Motion for Reconsideration on January 7, 2003, which would have begun the time clock running again, Petitioner had already filed his first federal Petitioner for the Writ of Habeas Corpus a week earlier. That first federal Petition was timely filed because only three hundred and fifty seven (357) days had elapsed from June 11,

2001 to June 3, 2002 and all the other time was tolled because Petitioner had properly filed state applications for post-conviction relief pending.

21. However, Petitioner moved to dismiss his first federal Petition for the Writ of Habeas Corpus. His motion was granted on March 19, 2003 and the time clock began to run again. His one year time limitation expired eight (8) days later on March 27, 2003.

22. This federal Petition for the Writ of Habeas Corpus was not filed until January 12, 2004. Even though the time during which Petitioner's second state Petition for the Writ of Habeas Corpus was pending, from August 13, 2003 to December 22, 2003, would have also been tolled, this federal Petition is still one hundred fifty nine (159) days past the one year time limitation of AEDPA.

23. Petitioner argues that the Court should not have dismissed his first federal Petition knowing that he only had an additional eight (8) days remaining in which to pursue his federal remedies. He argues that it would have been impossible for him to finish his state proceedings in eight days. Petitioner misunderstands the tolling provisions. With due diligence, Petitioner could have been prepared to immediately file his second state habeas proceeding which would have tolled or stopped the time clock. Likewise, Petitioner could have been prepared to file his federal Petition for the Writ of Habeas Corpus as soon as he received the final disposition of the state court.

24. Petitioner also cites the Fifth Circuit case, *Egerton v. Cockrell,* 334 F. 3d 433 (5th Cir. 2003), as holding that an inadequate law library may constitute a state created impediment that would toll the AEDPA's provisions. The Court's actual holding was narrow - the absence of all federal material from a prison library without making some alternative arrangements for

6

prisoners to obtain those materials or apprise prisoners of their rights may constitute a state created impediment. But to invoke §2244(d)(1)(B), the section which deals with state created impediments, the prisoner must show 1) that he was prevented from filing a petition, 2) by State action, 3) in violation of the Constitution or federal law. *Egerton*, supra, at 436. The Court of Appeals in *Egerton* remanded the petition for an evidentiary hearing.

25. Petitioner asserts that of April 14, 2001, the New Mexico Department of Corrections disbanded the law libraries in the state prisons and instituted a procedure whereby prisoners must submit a written request for legal material. Petitioner argues that he has had a difficult time preparing his filings in both state and federal court because of this procedure and his general lack of knowledge of the law.

26. Having a difficult time in preparing his petition is not a sufficient allegation to invoke the provisions of §2244(d)(1)(B). Petitioner must show that the state created impediment prevented him from filing his petition. This he cannot show as he successfully filed his first federal Petition for the Writ of Habeas Corpus within the one year statute of limitations. Furthermore, he was sufficiently knowledgeable in the law to recognize the argument that he must exhaust his remedies in state court prior to filing his petition in federal court. The Court finds that the State did not create an impediment that prevented Petitioner from timely filing his federal Petition for the Writ of Habeas Corpus.

27. The equitable tolling provisions of the AEDPA are available to the Petitioner only when 1) he diligently pursues his claims, and 2) demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220, *cert. denied*, 531 U.S. 1194 (2001). Petitioner has not demonstrated that he diligently

pursued his claims, especially when he waited nearly a year after his direct appeal was completed, June 11, 2001, to file his first petition for the Writ of Habeas Corpus, June 3, 2002. Petitioner is unable to meet the requirements necessary to invoke the equitable tolling provisions of the AEDPA.

28. Petitioner's petition for the Writ of Habeas Corpus is time barred because it was filed after the one year state of limitations of the AEDPA had expired in this case.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time-barred.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                    ALAN C. TORGERSON
                                                    UNITED STATES MAGISTRATE JUDGE